U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

**FILED**
MAR 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 6, 2008

Carlos Vanegas, Esq.
Federal Public Defender Service
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

      Re:    <u>United States v. Edward Kline, Crim. No. 08-00033 (TFH)</u>

Dear Mr. Vanegas:

      This letter confirms the agreement between your client, Edward Kline, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**<u>Charges and Statutory Penalties</u>**

      1.    Your client, Edward Kline, agrees to admit guilt and enter a plea of guilty to the attached Information charging Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Your client understands that pursuant to 18 U.S.C. §§ 2252(b)(1), 3571(b)(3), and 3583(k), the charge of Distribution of Child Pornography carries a maximum penalty of imprisonment of not less than five years and not more than twenty years, a fine of $250,000, a term of supervised release of any term of years not less than five years and up to life, and an obligation to pay any applicable interest or penalties on fines not timely made. Your client further understands that pursuant to 18 U.S.C. §§ 2422(b), 3571(b)(3), and 3583(k), the charge of Attempted Enticement of a Minor carries a maximum penalty of imprisonment of not less than ten years or for life, a fine of $250,000, a term of supervised release of any term of years not less than five years and up to life, and an obligation to pay any applicable interest or penalties on fines not timely made.

2.  In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.  Your client further understands that if the Court rejects the parties' recommendation for an appropriate sentence as set forth in paragraph six, and your client does not withdraw his plea, your client will be sentenced according to 18 U.S.C. §§ 3553(a), 3553(b)(2), and 3553(c)-(e), and upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines" or "U.S.S.G.") (2007 ed.), which will apply to determine your client's guideline range.  Your client understands that pursuant to 18 U.S.C. § 3571 and U.S.S.G. § 5E1.2, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

3.  Your client agrees and will acknowledge at the time of the plea to Distribution of Child Pornography that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client possessed 600 or more images of child pornography; that the material involved a prepubescent minor or a minor who had not attained the age of 12 years; that the offense involved distribution (which includes possession with the intent to distribute) of child pornography; that the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; that the offense involved the use of a computer or an interactive computer service for the possession, receipt, transmission, or distribution of the material; and that your client engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  Your client further agrees and will acknowledge at the time of the plea to Attempted Enticement of a Minor that, pursuant to Section 1B1.3 of the Sentencing Guidelines, the intended victim had attained the age of twelve years but had not attained the age of sixteen years.

4.  In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office or the United States Attorney's Office for the District of New Jersey for the conduct set forth in the attached Statement of the Offense.  However, while this Office is unaware of any evidence that suggests that your client produced additional images of child pornography other than the two videos referred to in the attached Statement of the Offense, should such evidence be recovered in the files seized from your client that have yet to be viewed by law enforcement officers, the Office reserves the right to charge your client with Production of Child Pornography.

**Motion for Sentencing Departure**

5.  In consideration of the substantial assistance your client has already provided in the investigation or prosecution of other people who have committed offenses, the Government will file a motion pursuant to 18 U.S.C. 3553(b)(2)(A)(iii), 3553(e) and Section 5K1.1 of the Sentencing Guidelines requesting that the Court depart from the statutory minimum sentence for Attempted Enticement of a Minor and from the applicable Sentencing Guidelines range.

### Recommendation as to Appropriate Sentence

6.      Your client and the Government agree that a sentence of nine years imprisonment followed by lifetime supervision is the appropriate sentence for the offenses to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this Plea Agreement between the parties to the Court for its approval. If the Court grants the Government's departure motion, and accepts the Plea Agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the Plea Agreement, and will afford your client an opportunity to withdraw the plea. If your client persists in the guilty plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. This agreement, with respect to the appropriate sentence, effects only incarceration and the term of supervised release. The otherwise applicable statutory and Guideline provisions are applicable to other sentencing incidents, specifically fines.

### Contingency in Event of Court's Rejection of Rule 11(c)(1)(C) Agreement

7.      Should the Court not agree that the sentence agreed upon by the parties is appropriate, and your client not withdraw his plea, your client and the Government agree to the following: The Government will not withdraw its Motion for Sentencing Departure, and the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a), 3553(b)(2), and 3553(c)-(e), and upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government pursuant to § 5K1.1 of the Sentencing Guidelines, and/or pursuant to 18 U.S.C. §§ 3553(b)(2)(A)(iii), 3553(e). Your client understands also that the sentence to be imposed upon your client is determined solely by the Court. It is understood that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

**Factual Stipulation**

8.     Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines**

9.     If your client is sentenced upon consideration of the Sentencing Guidelines, rather than pursuant to paragraph six of this agreement, the following terms apply: The sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553, including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007 ed.). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

   a.   **Offense Level Under the Guidelines, Section 2G2.2, for Distribution of Child Pornography**

   | | |
   |---|---|
   | Estimated Base Offense Level | 22 |

   Applicable Specific Offense Characteristics

   | | |
   |---|---|
   | 2G2.2(b)(2), the material involved a prepubescent minor, or a minor who had not attained the age of 12 years | +2 |
   | 2G2.2(b)(3)(F), the offense involved distribution | +2 |
   | 2G2.2(b)(4), the material portrays sadistic or masochistic conduct, or other depictions of violence | +4 |
   | 2G2.2(b)(5), the defendant engaged in a pattern of activity involving sexual abuse or exploitation of minor | +5 |
   | 2G2.2(b)(6), the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt or distribution of the material | +2 |
   | 2G2.2(b)(7), the offense involved 600 or more images | +5 |

     **b.**     **Offense Level Under the Guidelines, Section 2A3.1, for Attempted Enticement of a Minor**[1]

| | |
|---|---|
| Estimated Base Offense Level | 30 |

Applicable Specific Offense Characteristics

| | |
|---|---|
| 2A3.1(b)(2), the victim had attained the age of twelve years but had not attained the age of sixteen years | +2 |

     **c.**     **Grouping of Offenses**

These offenses may be grouped under U.S.S.G. §§ 3D1.1, 3D1.2(b).

     **d.**     **Adjustment for Acceptance of Responsibility**:

Assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b) because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Release/Detention**

10.    Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

**Waiver of Rights**

11.    In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including:

---

[1] In calculating the estimated Guidelines for Attempted Enticement of a Minor, the Sentencing Guidelines instruct the user to start with § 2G1.3, which has a base offense level of 28 and is not otherwise adjusted. However, under (c)(3) of the Cross References section, if the offense involved conduct described in 18 U.S.C. § 2242, which it does, the Guidelines instruct that the calculations should also be done using § 2A3.1, and to use the Guideline that results in the highest level, which is § 2A3.1.

the right against self-incrimination with respect to the offenses to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Court Not Bound by the Guidelines

12.   Your client understands should the Court not accept the recommended sentence of nine years imprisonment followed by lifetime supervision, and your client not withdraw his plea, sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a), 3553(b)(2) and 3553(c)-(e), and upon consideration of the Sentencing Guidelines. Your client further understands that in that case, the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

### Reservation of Allocution

13.   Your client understands that subject to the provisions of paragraphs five and seven of this agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. In addition, if in this Plea Agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceedings before the Bureau of Prisons.

### Forfeiture

14.   Your client understands that pursuant to 18 U.S.C. § 2253, he shall forfeit to the United States his interest in all items seized by law enforcement officers on November 30, 2007, from your client incident to his arrest, and from his residence at 121 12th Street, S.E., Apartment 302, Washington, D.C., which are listed on the two attached FBI Receipts for Property Seized ("Seizure Lists"). Your client agrees to the administrative, criminal or civil forfeiture of the items, and agrees that these items constitute or contain visual depictions described in 18 U.S.C. § 2252 which were produced, transported, mailed, shipped, or received in violation of the chapter; property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and/or property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

15.   In order to effectuate the forfeiture, your client agrees to the entry of a consent order of forfeiture, and/or agrees not to oppose any administrative or civil forfeiture action regarding the items, and your client agrees that, notwithstanding how such property may have

been titled, he exercises dominion and control over the items seized by law enforcement officers on November 30, 2007. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

16. Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

### Sexual Offender Registration

17. Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 42 U.S.C. §§ 16911(3)(A)(ii), 16915(a)(2), he is required to register as a sex offender for a period of twenty-five years and to keep the registration current in jurisdictions where he resides, where he is employed, and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. Code § 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to ten years imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. §3583, and that failure to comply with his obligations under the Act could subject him to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### Breach of Agreement

18. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of

this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

19. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

20. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

21. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

22. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

23. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

24.     Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia, and upon the Criminal Division of the United States Attorney's Office for the District of New Jersey.  This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

                Sincerely yours,

                JEFFREY A. TAYLOR.
                United States Attorney

                Jean W. Sexton
                Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 2/28/2008

Edward Kline
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2/28/08

Carlos Vanegas, Esquire
Attorney for Defendant Edward Kline