FILED

MAR 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Crim No. 08-00033 (TFH) |
| EDWARD KLINE, | : |
| Defendant. | : |

## STATEMENT OF THE OFFENSE

The parties in this case, the United States of America, and the defendant, Edward Kline, stipulate and agree that the following facts are true and accurate:

On November 28, 2007, a cooperating witness ("CW") working in an undercover capacity under the supervision of law enforcement agents while located in the District of Columbia, went on-line and was contacted by an individual CW knew as "Edward," subsequently identified as defendant Edward Kline, with the screen name of "Pique2uX." The CW had met Edward on prior occasions and knew him to have a sexual interest in male children and to collect child pornography. During the on-line conversation, the defendant asked "when do i get to fuck that boy?" to which the CW asked "which one. . .the 13 down here in richmond?" The defendant replied, "him or that really hot one i fucked before." The CW then told the defendant that he had "a line on a 13 yo [year old]" with whom the defendant could have sex, noting that "u would love him...not a hair on him" to which the defendant responded, "its gotta be regular, or at least semi regular." When the CW replied, "I think that could be arranged," the defendant then asked, "so when do we do him?" The defendant also inquired about what the thirteen year old would be "up for," noting that he [the defendant] would "do anything" to include "spanking, bondage, double

fucking, piss, rough, pics and vids." In response, the CW asked "u wanna make a vid of you and him fuckin," to which the defendant said "yes."

During the course of the on-line conversation, the defendant told the CW about the "boy I used to fuck in nj" who was eleven years old when they first had sex, and he sent the CW several videos, including:

- "p101-man2boys" which depicts a young boy estimated to be under the age of seven performing oral sex on an adult male. A second male child approximately seven to ten years old, is manually stroking the younger boy's penis and then the adult penis;

- "sandro_dog1" which depicts a prepubescent male child approximately twelve years old, naked, and urinating in a bucket. The child then lays on the ground, spreads his legs in the air, exposing his anus, while a black dog licks the boy's anus;

- "p101-_(1)" which depicts a young prepubescent boy approximately seven years old or younger, performing oral sex on an adult male;

- "06yo_Danny_humps_his_brother_10yo_Boy_Sean(28s)_with_so" which depicts a boy approximately five to seven years old, licking the anus of another male and performing oral sex on him;

- "PJK01(1)" which depicts two boys, one in his mid teens and one who is estimated to be prepubescent and under the age of twelve. The younger boy performs oral sex on the older boy and then the older boy anally penetrates the younger boy;

- "led8" which depicts three naked prepubescent boys; the first boy is anally penetrating the second boy as the third boy watches.

2

The CW and the defendant then arranged for the defendant to come to the CW's residence on Friday, November 30, 2007, for the purpose of engaging in sex acts, including anal sex, with the child, and the defendant confirmed that he would bring his video camera so he could film the sexual activity.

On November 30, 2007, the CW and the defendant exchanged messages via text messaging on their cellular telephones. The defendant asked for a picture of the child, and the CW forwarded to the defendant's cellular telephone a photograph of a thirteen year old boy; the photograph was of a clothed child. At approximately 5:50 p.m., the defendant went to the CW's residence at                                         knocked on the door, and was allowed inside by law enforcement officers who then placed him under arrest.

In the search incident to the arrest of the defendant, the officers recovered a video recorder with a tape in it, a Verizon cellular telephone, an external hard drive, a thumb drive, an IPOD, two packages of condoms and a sexual lubricant. The tape recovered from the defendant contained a video of two prepubescent males approximately eight and thirteen years old engaging in masturbation while they were being filmed by the defendant, who also appeared in the video. The rest of the tape was not yet used.

Later that evening, members of the Metropolitan Police Department and Federal Bureau of Investigation executed a United States District Court search warrant at the defendant's residence at                                         and recovered additional items, to include Maxlor, Western and Seagate Hard Drives, three routers, a desktop computer, and several DVDs, CDs, video tapes, and magazines. The items recovered contained in excess of 600 images of child pornography. The majority of the pornographic images were of prepubescent males, and the defendant possessed these images for his personal use, and to distribute them to others. The ages

3

of the children appeared to range from approximately three years old to young teens and included sadistic conduct and violence involving young children including the anal penetration of a prepubescent boy. Among the images described above was a movie in which the defendant is depicted receiving oral sex from a prepubescent male who appears to be approximately thirteen years old. Finally, all the items seized by law enforcement officers on November 30, 2007, contain visual depictions described in 18 U.S.C. §2252, and/or were used or intended to be used to commit or to promote the commission of such offense.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the defendant, but is instead a statement of facts intended to provide the necessary factual predicate for the guilty plea in this case. In addition, this proffer contains facts that relate to specific offense characteristics contained in Section 2G2.2(b) of the United States Sentencing Guidelines that the parties agree are applicable in this case. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for entry of the defendant's plea of guilty and for application of the specific offense characteristics that are set forth in the plea agreement entered into by the parties.

_____
JEAN W. SEXTON
Assistant United States Attorney

_____
EDWARD KLINE
Defendant

_____
CARLOS VANEGAS
Attorney for Defendant