## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | **:** | |
| | **:** | **Crim. No. 08-00033 (TFH)** |
| **v.** | **:** | |
| | **:** | |
| **EDWARD KLINE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| _____ | **:** | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in support of the parties' request for a sentence of nine years' incarceration and lifetime supervised release pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

### PROCEDURAL AND FACTUAL BACKGROUND

1. The defendant was arrested on November 30, 2007, and charged with Attempted Enticement of a Minor in violation of 18 U.S.C. § 2422(b). At his appearance before the Magistrate Court on December 5, 2007, the defendant waived his preliminary hearing and conceded detention. He remains incarcerated at the Correctional Treatment Facility (CTF).

2. On December 12, 2007, the defendant and his attorney met with members of the Metropolitan Police Department and agents from the Federal Bureau of Investigation and the defendant advised them that he had information that he was willing to provide to the authorities concerning the production of child pornography and the sexual abuse of minor children and the possible locations where the offenses had and might still be occurring.

3.  After his initial debriefing, the defendant met with the law enforcement officers on several other occasions and participated in four undercover sessions that included online, telephonic and cellular instant messages.  His substantial assistance resulted in the arrest and conviction of MPD Officer Kenneth Longerbeam, Crim. No. 08-00017, on the charge of Interstate Travel to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b), and the arrest of Jeremy Slagle, Crim. No. 1:08-MJ-00059, on the charge of Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(1), 2256.[1]  The defendant also provided investigative leads pertaining to other individuals.

4.  Following the substantial assistance provided by the defendant, the parties entered into a formal plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) in which the defendant agreed to plead guilty to Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), in exchange for the government's agreement that a specific sentence of nine years' imprisonment followed by lifetime supervised release is an appropriate disposition of the case. The Government further agreed not to prosecute the defendant in the District of New Jersey for conduct set forth in the Statement of the Offense, namely the production of child pornography for the images on the videotape found in the defendant's possession, but noted that the agreement did not otherwise bind any other state, local or federal prosecutor.

5.  Pursuant to 18 U.S.C. §§ 2252(b)(1), 3571(b)(3), and 3583(k), the charge of Distribution of Child Pornography carries a maximum penalty of imprisonment of not less than five years and not more than twenty years, a fine of $250,000, and a term of supervised release of any term of years not less than five years and up to life.  Pursuant to 18 U.S.C. §§ 2422(b),

---

[1]The Government and Mr. Slagle are in the process of plea negotiations.

3571(b)(3), and 3583(k), the charge of Attempted Enticement of a Minor carries a maximum penalty of imprisonment for life, a mandatory minimum of not less than ten years, a fine of $250,000, and a term of supervised release of any term of years not less than five years and up to life. Finally, under the Sentencing Guidelines, the two offenses are grouped under U.S.S.G. §§ 3D1.1, 3D1.2(b), and the Sentencing Guideline range is 262-327 months. See Presentence Investigation Report (PSR) at ¶ 60.

6. On March 4, 2008, the defendant appeared before the Court for a plea hearing at which he went through the plea colloquy with the Court and agreed to the facts set forth in the Statement of the Offense, which will not be repeated again here. The Court then reserved its ruling on whether to accept the Rule 11(c)(1)(C) plea until the Court had an opportunity to review the Presentence Investigation Report. Similarly, the Government's Motion for Sentencing Departure, which would need to be granted in order for the Court to impose the nine year sentence, is also still pending.

7. Since the date of the plea, the defendant has been indicted by the State of New Jersey on twenty-three counts related to the alleged sexual abuse of two minor males, ages 11 and 13, who were depicted in the videotape that the defendant had in his possession on the date of his arrest. See PSR at ¶ 36 & Stmt. of Offense. Bail in that case has been set for $200,000, and a detainer has been lodged.

**ARGUMENT**

8. In the view of the Government, the agreement to a sentence of nine years' incarceration, which is below the Sentencing Guidelines range of 262-327 months, was justified under the unique facts of this case. We considered that the defendant's conduct evidenced both a longstanding sexual interest in young boys and the practice of using a computer technology to

gratify his sexual interests, but we also took into account the substantial cooperation that the defendant provided after his arrest.  That cooperation involved the defendant in several undercover operations, and  led to the arrests of two individuals, one of whom was a police officer who has already been sentenced by this Court to thirty-six months in jail.  But for the defendant's cooperation, Officer Longerbeam might have continued on the police force for years.  Moreover, cooperating against a police officer in particular raises the anxiety level when agreeing to take part in an undercover operation.  For that, the defendant received credit when the Government considered its offer.

9.    Additionally, the parties knew that the defendant could face charges by the State of New Jersey as a result of the videotape that was found in his possession and that potential criminal exposure was also taken into consideration.  Indeed, when he is done here, the defendant will return to New Jersey to face the 23-count indictment returned against him, which includes seven counts of sexual assault; three counts of criminal sexual conduct; ten counts of endangering the welfare of a minor; one count of lewdness; and two counts of employing a juvenile in the commission of a crime.

10.    Aside from the usual considerations of the certainty of a conviction and the conservation of government and judicial resources, in this case the Government had a strong interest in the defendant's taking responsibility for his behavior, and also in assuring that the defendant remain under supervision for life after his release from incarceration.  The plea agreement provides that he serve a sentence of nine years which is still a significant sentence given the defendant's lack of criminal history.  The sentence is long enough to provide a deterrent to the defendant and others, and to allow the defendant to receive sex offender

treatment.  At the same time, the agreement provides assurance to the government that the

defendant will be supervised for life after his release.

### *Lifetime Supervision*

11.  With respect to the request for lifetime supervision in particular, the Government

does not believe that the defendant cooperated out of any desire to actually help the same young

children whom he has victimized over and over again by looking at their pictures and sending

them on to others; rather, like most cooperators, it was from a desire to potentially reduce his

sentence.  And, as alleged by the New Jersey prosecutors, and as evidenced by the tape in his

possession and in the comments he made during his on-line chat, it is clear that the defendant's

actions are not limited to looking at pictures; rather, he has acted on his impulses and would

likely continue to do so if given the opportunity.  For this reason, the Government strongly

believes that the defendant needs life-time supervision.

12.  In authorizing terms of lifetime supervised release for defendants who commit

offenses involving the sexual exploitation of minors, including the possession of child

pornography, Congress recognized the danger created by that offense:  the demand for child

pornography by collectors encourages the production of child pornography and the abuse of

children used to create it ("those who possess and view child pornography encourage its

continual production and distribution" 136 Cong. Rec. at S4730; see United States v. Adams,

343 F.3d 1024, 1034 (9th Cir. 2003)).

13.  Moreover, the mere possession of child pornography re-victimizes the children

whose abuse is depicted in the images:

> . . . children are victims in the possession of child pornography . . .
> possessing the images is itself a form of abuse because it
> "inva[des] the privacy of the child depicted."  The possession
> perpetuates "a permanent record" of the original abuse that can

> "haunt[] those children in future years."  Additionally, "the consumer of child pornography instigates the original production of child pornography by providing economic motive for creating [it]. . . . "[P]ossession of child pornography is not a victimless crime.  A child somewhere was used to produce the images downloaded . . ., in large part, because individuals like [the defendant] exist to download the images."

United States v. Duhon, 440 F.3d 711, 718 (5th Cir. 2006) (internal citations omitted; emphasis added).

14.  In the instant case, several children and parents of children whose images the defendant possessed have submitted victim impact statements for use in cases in which images of their children are involved.  The statements describe, in heart-breaking detail, how the children and their parents continue to suffer knowing that pictures of them are being circulated by people like the defendant, and viewed to gratify the sexual interest of pornography collectors.[2]

15.  We submit that in this case in which the defendant used the internet to solicit sex from a child and to collect and distribute hundreds of pornographic images involving children, that significant restrictions on his use of the internet, and restrictions on certain contacts with minors as conditions of supervised release are appropriate.  Therefore, we request that the Court impose the following conditions of supervised release:

a)  Registration as a sex offender for 25 years, pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C  § 2250, 42 U.S.C. §§ 16911(3)(A)(ii), 16915(a)(2);

---

[2]In order to minimize the invasion of the victims' and their families' privacy, the Government will provide copies of the statements from which the victims and their families' identifying information has been redacted to the Court and defense counsel prior to sentencing.  The Government will also make available to the Court an unredacted copy of the statement for its review at sentencing.

b)  The defendant shall not possess or use a computer that has access to any on-line computer service at any location, including his place of employment, without the prior written approval of the probation office.  "On-line computer service" includes, but is not limited to, any internet provider, bulletin board system, or other public or private computer network;

c)  The defendant shall submit to periodic unannounced examinations of the defendant's computer by the probation office;

d)  The defendant shall not possess or use any data encryption technique or program;

e)  The defendant shall maintain a daily log of all addresses accessed by way of any computer, other than those authorized for employment, and shall make the log available to the probation office for review;

f)  The defendant shall consent to thirty party disclosure regarding computer related restrictions to any employer or potential employer;

g)  The defendant shall not engage in employment, consulting, or associate in any way with children as a profession for the duration of his supervision;

h)  The defendant shall not participate in any volunteer activity that involves contact with minors;

i)  The defendant shall participate in mental health treatment specifically related to sexual offender therapy;

j)  The defendant shall not associate with any known sex offender.

16.  For the reasons set forth above, the Government believes that taking into account the nature and circumstances of the offenses involved and the history and characteristics of the

defendant, the terms and conditions of supervised release requested by the Government are appropriate to protect the community and to deter the defendant from re-offending.

### *Forfeiture*

17. Finally, the Government also requests that the Court issue the Final Order of Forfeiture directing the forfeiture of all items seized by the law enforcement authorities on November 30, 2007, as identified in the Court's Preliminary Order of Forfeiture.

WHEREFORE, the Government requests that the Court accept the parties' agreement pursuant to Rule 11(c)(1)(C), and sentence the defendant to nine years' incarceration and lifetime supervised release.

> Respectfully submitted,
> JEFFREY A. TAYLOR
> UNITED STATES ATTORNEY
>
> _____/s/_____
> Jean W. Sexton
> NJ Bar 02122-1995
> Assistant United States Attorney
> 555 Fourth Street, N.W., Room 4836
> Washington, D.C.  20530
> 202-305-1419  Fax: 202-514-6010
> E-mail:  Jean.Sexton@usdoj.gov